HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CUNA MUTUAL LIFE INSURANCE COMPANY, an Iowa corporation,<br><br>Plaintiffs,<br><br>v.<br><br>JACK NORWOOD, an individual, together with JANE DOE NORWOOD, and the marital community comprised thereof,<br><br>Defendants. | Case No. CV06-5353<br><br>ORDER GRANTING MOTION FOR REMAND |

THIS MATTER is before the court on Defendants' Motion for Remand. [Dkt. #5]. Defendants request this Court remand this matter back to the Superior Court of Clark County on the grounds that removal is improper and the Court does not have subject matter jurisdiction. Plaintiff /Counterdefendant CUNA Mutual Life Insurance Company (CUNA) argues that removal was proper and its voluntary action of dismissing its state law claim is not a bar to this Court's subject matter jurisdiction.

Any civil action commenced in state court is removable if it might have been brought originally in federal court. 28 U.S.C. §1441(a). Removal statutes are construed restrictively, so as to limit removal jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941). Doubts as to removability are resolved in favor of remanding the case to the state court. *Id.*

The dispositive question for purposes of this Motion is whether or not CUNA is a "defendant" for removal purposes. The right to remove a case from state to federal court is vested exclusively in "the defendant." 28 U.S.C. §1441(a). A plaintiff who has chosen to commence the action in state court cannot

later remove to federal court, even to defend against a counterclaim. *Southland Corp. v. Estridge*, 456 F.Supp. 1296, 1300 (9th Cir. 1978). Although Defendants filed a counterclaim, placing Plaintiff is a defensive posture, whether or not a case is removable is based on the Plaintiff's complaint and the positions of the parties at that time. Plaintiff is not a "defendant" for purposes of removal. Plaintiffs cannot remove, even when they are in the position of a defendant with regard to a counterclaim asserted against them. *Ballard's Service Center Inc. v. Transue*, 865 F.2d 447, 449 (1st Cir. 1989) (citing 14 A C. Wright, A. Miller & E. Cooper, Federeal Practice and Procedure §3731 (2d. 1985)).

Plaintiff asserts that the removability of this case is governed by the "voluntary/involuntary" rule. Under this rule, a district court can properly exercise removal jurisdiction over an action commenced in state court, where no federal jurisdiction existed originally but a voluntary act taken by the Plaintiff renders the case removable. *People of the State of Cal. v. Keating*, 986 F.2d 346, 348 (9th Cir. 1993). Plaintiff argues that because the dismissal of its claims was voluntary, and the voluntary dismissal left only Defendants' counterclaims which are completely preempted by a federal statute, the case was rendered removable to federal court. While this may be true, it does not change the fact that Plaintiff is still not a "defendant" for purposes of removal jurisdiction, thus removal was not proper.

Ordinarily, determining whether a particular case arises under federal law, permitting removal to federal court, turns on "well-pleaded complaint" rule. *AETNA Health Inc. v. Davila*, 542 U.S. 200, 207 (2004). An exception to the well-pleaded complaint rule permits removal of action to federal court when federal statute wholly displaces state law case of action. *Id.* at 207. Plaintiff contends that because the counterclaim is for denial of benefits under a pension plan and a long term disability plan, the claim is governed by ERISA §501(a)(1)(B). This federal statute "completely preempts" any state law claim or remedy based on wrongful withholding of benefits or denial of coverage promised under an ERISA plan. *Id.* at 221. Complete preemption operates to confer original federal subject matter jurisdiction notwithstanding the absence of a federal cause of action on the face of the complaint. *Bauman v. U.S. Healthcare, Inc.*, 193 F.3d 151, 160 (3rd Cir. 1999). The complaint in this case was not based on the wrongful withholding of benefits or denial of coverage promised under an ERISA plan. Although ERISA may preempt Defendant's counterclaim, it does not preempt the claims on the face of the complaint, which although dismissed, still governs the removability of the case. Even if subject matter jurisdiction does exist under federal question jurisdiction, the claim can still

be heard in state court; state courts and federal courts have concurrent jurisdiction of claims made by plan beneficiaries for benefits. 29 U.S.C. §1132(e)(1); 29 U.S.C. §1132 (a)(1)(B).

In the alternative, Plaintiff argues that the Court has subject matter jurisdiction based on the diversity of the parties. Although there does appear to be diversity jurisdiction in this case,[1] Plaintiff was not authorized to remove the case to federal court. Removal was not proper and even if subject matter jurisdiction exists, state courts have general jurisdiction and therefore the authority to hear these claims unless properly removed by Defendants.

For the above reasons, the Defendants' Motion for Remand is GRANTED.

IT IS SO ORDERED.

DATED this 28th day of July, 2006

/s/ Ronald B. Leighton
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

---

[1] The parties are diverse in this case; Plaintiff is an Iowa corporation and Defendants are residents of Washington State. [Dkt. 4-3, Plaintiff's Complaint, ¶1,2]. The amount in controversy also appears to be met. The complaint alleged the property to be valued at $250,000 or more. [Dkt. #4-3, Plaintiff Complaint, ¶44].

ORDER
Page - 3